UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NORTON HAMILTON (#98660)

VERSUS                                         CIVIL ACTION

CHAD OUBRE, ET AL                              NUMBER 11-108-JJB-SCR

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, October 28, 2011.

                                          /s/ Stephen C. Riedlinger
                                          STEPHEN C. RIEDLINGER
                                          UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NORTON HAMILTON(#98660)

VERSUS                                                CIVIL ACTION

CHAD OUBRE, ET AL                                     NUMBER 11-108-JJB-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Partial Summary Judgment. Record document number 19. The motion is opposed.[1]

### I. Background

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Maj. Chad Oubre, Capt. Paul Smith, Capt. John Hughes, Lt. Dale Duplechain, Lt. Cornell Howard and Sgt. Michael Williams. Plaintiff alleged that he was sprayed with a chemical agent without provocation, was issued a false disciplinary report, the defendants provided false reports in response to his administrative grievance, and he was denied prompt medical attention, all in violation of his constitutional rights.

Defendants moved for summary judgment relying on a statement of undisputed facts, the affidavits of Dr. Jonathan Roundtree, Maj. Oubre, Capt. Smith, Capt. Hughes and Lt. Howard, portions of the

---

[1] Record document number 32.

plaintiff's medical and mental health records, copies of the disciplinary reports and warden's unusual occurrence reports, a copy of the August 3, 2010 Cuda 3 and 4 Gas Log, copies of the plaintiff's canteen receipts, a copy of the yard, shower and tier roster, excerpts from the prison rule book and copies of the record of Administrative Remedy Procedure (ARP) LSP-2010-3113.

## II. Applicable Law

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). If the moving party meets the initial burden of showing that there is no genuine dispute of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); Fed.R.Civ.P. 56(c); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). The nonmoving party "cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Freeman v. Texas Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004). The trial court may not weigh the evidence or make credibility determinations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986).

Force is excessive and violative of the Eighth Amendment only

if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986). A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993).

Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit do not amount to a denial of due process where the state provides a procedurally adequate hearing. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). The disciplinary procedures in effect at the state penitentiary were previously approved by this court in *Ralph v. Dees*, CA 71-94 (M.D.La.), and *Williams v. Edwards*, CA 71-98 (M.D. La.), *affirmed*, 547 F.2d 1206 (5th Cir. 1977). These procedures meet the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974), and *Stewart v. Thigpen*, 730 F.2d 1002 (5th Cir. 1984).

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

### III. Analysis

**A. Excessive Force**

Plaintiff alleged that on August 3, 2010, Sgt. Williams accused him and inmate Temetric Debrow[2] of throwing food at each other. Plaintiff alleged that Sgt. Williams issued him a disciplinary report and ordered him to stop throwing food. Plaintiff alleged that he and inmate Debrow complied with Sgt. Williams' order before defendants Capt. Smith, Maj. Oubre, Lt. Duplechain, Lt. Howard and Capt. Hughes arrived on the tier. Plaintiff alleged that Maj. Oubre told him he would be punished for throwing food, Capt. Smith sprayed him with "about a 10 second release of a chemical" agent directly into his eyes and face and on his neck, sprayed inmate Debrow also, and then Capt. Smith issued

---

[2] Plaintiff's ARP refers to this inmate as "J. Debrow # 340678." Record document number 19-3, p. 4. The Cuda 3/4 gas log also identified the other inmate involved in the incident as "J. Debrow # 340678." Record document number 19-14, Exhibit L, Plaintiff's Declaration identified the other inmate as "Temetric Debrow #340678." Record document number 32, p. 17. The Unusual Occurrence Report referred to the other inmate as "Jemetric Debow." Record document number 19-13, Exhibit K. The affidavits of Maj. Oubre, Capt. Smith, Capt. Hughes, Lt. Howard and Lt. Duplechain identified the other inmate as "Temetric Debrow #340648." Record document numbers 19-6 through 10, Exhibits D – H. These discrepancies are not material. This magistrate judge's report will refer to the other inmate as Temetric Debrow.

4

the plaintiff a false disciplinary report.³ Plaintiff alleged that the other defendants failed to take any action to prevent Capt. Smith from using excessive and unprovoked force against him. Plaintiff alleged that he did not receive medical treatment for more than seven hours following the incident. Plaintiff alleged that he was given eye wash which he used for approximately 30 days together with aspirin to treat his eye discomfort, blurred vision and recurring headaches.⁴

Defendants offered a different version of the incident. Defendants asserted that when they arrived on the unit the plaintiff and another inmate were throwing food at each another. Defendants asserted that Capt. Smith gave the plaintiff several direct orders to stop throwing food but he failed to comply. Defendants asserted that Capt. Smith left the tier to retrieve a can of Sabre Red and when he returned he gave the plaintiff several more direct orders to stop throwing food. When the plaintiff failed to comply, Capt. Smith sprayed a single one second burst of Sabre Red into the plaintiff's cell and gave him several more orders to stop throwing food and come to the cell bars. Defendants asserted that the plaintiff complied with the orders and he was placed in restraints. Defendants asserted that the other inmate

---

³ Record document number 32, pp. 17-20, Declaration Under Penalty of Perjury of Norton Hamilton #98660.

⁴ *Id.* p. 17.

was also sprayed with the chemical agent and a total of three tenths of an ounce of Sabre Red was spayed on the two inmates on the day of the incident. Defendants asserted that following the incident the plaintiff was offered a shower, given a clean jumpsuit and was sent to the infirmary for medical evaluation. Defendants deny that they stood by and allowed Capt. Smith to abuse the plaintiff without intervening on his behalf. Defendants further argued that there is no proof in the record that the plaintiff sustained more than a de minimis injury.

It is undisputed that on the day of the incident the plaintiff and inmate Debrow were involved in a food fight.[5] The summary judgment evidence showed that Sgt. Williams (a Cadet at that time) issued the plaintiff a disciplinary report for aggravated fighting, ordered the two inmates to stop throwing food, and they complied.[6]

The summary judgment evidence showed that on August 3, 2010, Capt. Smith made seven entries on what is presumably the Cuda 3/4 gas log.[7] The Cuda 3/4 gas log showed that through 3:14 p.m., can A weighed 2.3 ounces and can B weighed 3.3 ounces.[8] The summary judgment evidence showed that Capt. Smith retrieved can B and used

---

[5] Record document number 32, p. 17, Hamilton Declaration.

[6] Record document number 19-13, p. 4, Exhibit K.

[7] Record document number 19-14, p. 2, Exhibit L.

[8] *Id.*

it to spray the plaintiff and inmate Debrow.[9] At approximately 5:00 p.m., Capt. Smith sprayed the plaintiff with Sabre Red.[10] At 5:10 p.m., can B weighed 3.0 ounces.[11] A notation made below the 5:10 p.m. entry to the Cuda 3/4 gas log stated "sprayed one second burst into J. Debrow #340678, N. Hamilton."[12]

It is unclear from the evidence what number of ounces constitutes a single burst of the chemical agent.

The summary judgment evidence showed that the plaintiff was examined on August 4, 2010, at 2:36 a.m. for complaints of burning eyes after being "gassed" following an aggravated fight.[13] Medical personnel noted that the plaintiff was given a clean jumpsuit and shower.[14] Plaintiff's vital signs were normal and he showed no evidence of being gassed.[15] No trauma to the plaintiff's eyes was noted and neither of his eyes showed active tearing.[16] Plaintiff was given Artificial Tears and an eye ointment because mace can

---

[9] Record document number 19-7, p. 3, Exhibit E.

[10] Record document number 19-3, p. 17, Exhibit A.

[11] Record document number 19-14, p. 2, Exhibit L.

[12] *Id.*

[13] Record document number 19-15, p.2, State's Exhibit M.

[14] *Id.*

[15] Record document number 19-15, p. 2, State's Exhibit C.

[16] *Id.*

7

cause the eyes to dry out.[17] On August 6, 2010, the plaintiff declared himself a medical emergency for some unknown complaint but refused medical treatment.[18] During an annual physical the plaintiff told medical personnel that he was healthy and voiced no complaints regarding his eyes.[19]

There are material factual issues in dispute which render summary judgment inappropriate on the plaintiff's excessive force claim against Capt. Smith, Maj. Oubre, Capt. Hughes, Lt. Duplechain, and Lt. Howard . There is a genuine dispute as to what happened on August 3, 2010. Viewing the summary judgment evidence in the light most favorable to the plaintiff, it would establish that there was no need to use any force against the plaintiff. Consequently the force used was clearly excessive and was motivated by a desire to punish the plaintiff for his earlier bad behavior. The evidence also would establish that Maj. Oubre ordered the use of excessive force by Capt. Smith, and that defendants Capt. Hughes, Lt. Duplechain and Lt. Howard participated in the use of excessive force by their being present and condoning the use of it.

Also, although the defendants argued that the plaintiff did not sustain any injury as result of the incident, the plaintiff's allegations of injury directly contradict the defendants' summary-

---

[17] *Id*. at p. 3.

[18] *Id*.

[19] *Id*.

judgment affidavit stating that the plaintiff sustained no injury. Even if the plaintiff could prove only that he suffered eye discomfort, blurry vision and headaches for 30 days, this is not a per se de minimus injury.

**B. False Disciplinary Report and Fabricated ARP Response**

Plaintiff alleged that Capt. Smith issued him a false disciplinary report. Plaintiff further alleged that defendants Capt. Smith and Maj. Oubre provided false responses to his administrative grievance.

Plaintiff's allegation that he was punished for an act he did not commit does not rise to the level of a constitutional violation because he was provided with a constitutionally adequate hearing. Plaintiff's allegation that the defendants provided fabricated reports in response to his administrative grievance also does not rise to the level of a constitutional violation. The Administrative Remedy Procedure does not itself establish any federal right. It is a mechanism for resolving disputes at the institutional level. These defendants are entitled to summary judgment on these claims.

**C. Medical Indifference**

Plaintiff alleged that he was denied prompt medical attention following the incident.

As stated above, there is a genuine dispute as to what happened during the August 3 incident. For the purpose of ruling

9

on the defendants' motion, the court accepts at true that: (1) Capt. Smith sprayed the plaintiff with a chemical agent for between 1 and 10 seconds; (2) which was directed to the plaintiff's face, eyes and neck; (3) at the specific instruction of Maj. Oubre; (4) while in the presence of the defendants Maj. Oubre, Capt. John Hughes, Lt. Dale Duplechain, and Lt. Cornell Howard ; who (5) did not promptly send the plaintiff for a medical evaluation and treatment. A reasonable jury could find that spraying the plaintiff in the manner alleged by the plaintiff and for up to 10 seconds constitutes a substantial risk of serious harm, and that Capt. Smith, Maj. Oubre, Capt. John Hughes, Lt. Duplechain, and Lt. Cornell Howard knew of such risk and disregarded it. These defendants are not entitled to summary judgment on the plaintiff's medical indifference claim.

**D. Defendant Michael Williams**

Plaintiff named Sgt. Williams as a defendant but alleged no facts against him which rise to the level of a constitutional violation. Plaintiff conceded as much in his opposition to the defendants' motion for summary judgment.[20]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion For Partial Summary Judgment be granted in part,

---

[20] Record document number 32, p. 4.

(1) dismissing the plaintiff's excessive force claim against Sgt. Michael Williams, (2) dismissing the plaintiff's false disciplinary report claim against defendant Capt. Smith, (3) dismissing the plaintiff's false ARP response claims against Capt. Smith and Maj. Oubre, (4) and dismissing the plaintiff's medical indifference claim against Sgt. Michael Williams.  In all other respects, the defendants' Motion For Partial Summary Judgment should be denied and this case be referred back to the magistrate judge for further proceedings on the plaintiff's excessive force and medical indifference claims.

Baton Rouge, Louisiana, October 28, 2011.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE